No. PD-0097-15

## IN THE
## COURT OF CRIMINAL APPEALS
## OF TEXAS

**NICHOLAS STEPHEN LLOYD,**
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

*FROM THE COURT OF APPEALS FOR THE
FIFTH JUDICIAL DISTRICT AT DALLAS*

*Cause number 05-13-01004-CR*

_____

## STATE'S PETITION FOR DISCRETIONARY REVIEW

_____

*APPEAL FROM THE 401ST JUDIDICAL DISTRICT COURT OF COLLIN
COUNTY, THE HONORABLE MARK RUSCH, JUDGE PRESIDING*

**GREG WILLIS**
Criminal District Attorney
Collin County, Texas

**JOHN R. ROLATER, JR.**
Asst. Criminal District Attorney
Chief of the Appellate Division

**ZEKE FORTENBERRY**
**GEETA SINGLETARY**
**CALLI BAILEY**
Asst. Criminal District Attorneys

**ANDREA L. WESTERFELD**
Asst. Criminal District Attorney
2100 Bloomdale Rd., Ste. 200
McKinney, Texas 75071
State Bar No. 24042143
(972) 548-4323
FAX (214) 491-4860
awesterfeld@co.collin.tx.us

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................ i

INDEX OF AUTHORITIES .......................................................... iii

STATEMENT REGARDING ORAL ARGUMENT ............................................v

STATEMENT OF THE CASE ......................................................... vi

STATEMENT OF PROCEDURAL HISTORY ............................................... vi

STATEMENT OF FACTS ............................................................ vi

QUESTIONS PRESENTED FOR REVIEW .................................................1

REASONS FOR REVIEW ............................................................1

ARGUMENT .....................................................................2

   1. Is a warrantless, mandatory blood draw conducted pursuant to Section 724.012(b)(3)(B) with the implied consent of the subject reasonable under the Fourth Amendment? ......................................2

   2. Did the court of appeals err in failing to address one of the State's arguments that would justify the warrantless blood draw?................4

   3. Did the court of appeals err in finding there were not exigent circumstances sufficient to justify a warrantless blood draw? ...........4

   Consent is a long-recognized exception to the Fourth Amendment requirement to obtain a warrant before conducting a search. Section 724.012(b) of the Texas Transportation Code implies a subject's consent under certain circumstances. This Court should reconsider its recent opinion in *State v. Villarreal* and conclude that this implied consent is sufficient to dispense with the warrant requirement.

   An appellate court is required to address every issue necessary to the resolution of the appeal. The Fifth Court of Appeals failed to address the State's argument that exigent circumstances justified the warrantless blood draw in the instant case. Further, even if its opinion can be considered to have addressed the issue, it erred in concluding

that exigent circumstances did not exist. The length of time in investigating a major accident, the late hour of the investigation, and Appellant's attempts to impede the investigation all amounted to exigent circumstances that justified a warrantless blood draw.

PRAYER FOR RELIEF ................................................................................8

CERTIFICATE OF SERVICE ......................................................................9

CERTIFICATE OF COMPLIANCE ..............................................................9

APPENDIX

# INDEX OF AUTHORITIES

**Statutes, Codes, and Rules**

TEX. R. APP. P. 47.1 ...................................................................................................5

TEX. R. APP. P.  66.3(c) ...............................................................................................1

TEX. R. APP. P. 66.3(f) ................................................................................................1

TEX. R. APP. P. 68.2(c) ............................................................................................. vi

TEX. TRANSP. CODE § 724.012......................................................... vi, vii, 2, 3, 4, 5

TEX. TRANSP. CODE § 724.012(b)(3)(B) ...............................................................1, 2

**Cases**

*Cheek v. United States*,
   498 U.S. 192 (1991) ..................................................................................................3

*Douds v. State,* No. PD-0857-14
   (granted Sep. 17, 2014) ...........................................................................................3

*Flores v. State,* No. PD-0071-15
   (filed Feb. 17, 2015).................................................................................................3

*Holidy v. State,* No. PD-0622-14
   (granted Aug. 20, 2014; argued and submitted Jan. 14, 2015) .............................3

*Keehn v. State*,
   233 S.W.3d 348 (Tex. Crim. App. 2007)................................................................5

*Kentucky v. King*,
   131 S.Ct. 1849 (2011) ..............................................................................................5

*Lloyd v. State*,
   No. 05-13-01004-CR, 2014 WL 7249747
   (Tex. App.—Dallas Dec. 22, 2014)
   (not designated for publication) ...................................................... vi, vii, 2, 4, 5, 6

*McNeil v. State,* No. PD-1171-14
   (filed Sep. 2, 2014)..........................................................................................3

*Missouri v. McNeely*,
   133 S.Ct. 1552 (2013) ............................................................................. 5, 6, 7

*Reeder v. State,* No. PD-0601-14
   (granted Aug. 20, 2014; argued and submitted Jan. 15, 2015)...............................3

*Reeves v. State,* No. PD-1048-14
   (filed Aug. 20, 2014)........................................................................................3

*Schneckloth v. Bustamonte*,
   412 U.S. 218 (1973) ........................................................................................2

*Schmerber v. California,*
   384 U.S. 757 (1966).......................................................................................5, 6

*State v. Villarreal*,
   No. PD-0306-14, 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014)................2

*United States v. Biswell*,
   406 U.S. 311 (1972) ........................................................................................2

*Zap v. United States*,
   328 U.S. 624 (1946) ........................................................................................2

## Other Authorities

Texas Driver's Handbook,
   p.60 (rev. July 2012) ........................................................................................3

No. PD-0097-15

**IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS**

**NICHOLAS STEPHEN LLOYD,**
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

_____

*STATE'S PETITION FOR DISCRETIONARY REVIEW*

_____

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

**Comes now**, the State of Texas, by and through its Criminal District Attorney, Greg Willis, and respectfully urges this Court to grant discretionary review of the above-named cause.

## STATEMENT REGARDING ORAL ARGUMENT

The State requests oral argument. The constitutionality of the mandatory blood draw statute in light of *Missouri v. McNeely* is a complex issue, and oral argument will help develop the issue more fully before this Court.

## STATEMENT OF THE CASE

Nicholas Lloyd was charged by indictment with Driving While Intoxicated, third or more, a third-degree felony. CR 10. Following the denial of his motion to suppress, he pleaded not guilty before a jury. 2 RR 226. The jury convicted him and sentenced him to 8 years in prison and a $2,000 fine. CR 72, 78.

## STATEMENT OF PROCEDURAL HISTORY

The Fifth District Court of Appeals in Dallas held that the trial court should have granted Lloyd's motion to suppress and reversed the judgment. *Lloyd v. State,* No. 05-13-01004-CR, 2014 WL 7249747, at *1 (Tex. App.—Dallas Dec. 22, 2014) (not designated for publication). The State timely filed a motion for extension of time to file a petition for discretionary review on January 23, 2015. Tex. R. App. P. 68.2(c). The State's petition for discretionary review is timely, being filed within the time granted by this Court.

## STATEMENT OF FACTS

The court of appeals summarized the facts as follows:

Around 1:00 a.m. on April 27, 2012, Officer Jon Conduti of the Frisco Police Department responded to a call about a "major vehicle accident" at a residence. When he arrived, he saw appellant's red Mercedes sitting in the yard, where it had crashed into the corner of the house. Conduti spoke with appellant, who had "a strong odor of alcoholic beverage on his breath" and bloodshot eyes. Appellant said something about making a mistake but then declined to talk further. Appellant also refused to perform any standardized field sobriety tests without an attorney present. Conduti arrested appellant for driving

while intoxicated and took him to the Frisco jail for a DWI interview. At the jail, appellant refused to give a blood sample. Conduti began completing paperwork for a search warrant for a blood draw; however, when he discovered appellant had been convicted two previous times for driving while intoxicated, he stopped processing the search warrant and took appellant to the hospital for a mandatory blood draw under the authority of section 724.012 of the Texas Transportation Code. Appellant's blood was drawn around 3:00 a.m., and he was charged with felony DWI third offense.

Before trial, appellant filed a motion to suppress, alleging the warrantless, nonconsensual blood draw was a violation of his Fourth Amendment rights. The State conceded the officer had no warrant but argued (1) implied consent and (2) appellant had a reduced expectation of privacy because driving is a highly regulated activity and, under the totality of the circumstances, the search was reasonable. After the hearing, the trial court denied appellant's motion to suppress and admitted the evidence at trial.

*Lloyd,* 2014 WL 7249747, at *1.

## QUESTIONS PRESENTED FOR REVIEW

1. Is a warrantless, mandatory blood draw conducted pursuant to Section 724.012(b)(3)(B)—the repeat offender provision—reasonable under the Fourth Amendment?

2. Did the court of appeals err in failing to address one of the State's arguments that would justify the warrantless blood draw?

3. Did the court of appeals err in finding there were not exigent circumstances sufficient to justify a warrantless blood draw?


## REASONS FOR REVIEW

1. The Fifth Court of Appeals has decided an important question of federal law in a way that conflicts with the applicable decisions of the Supreme Court of the United States. *See* Tex. R. App. P. 66.3(c).

2. The Fifth Court of Appeals has decided an important question of state law in a way that conflicts with the applicable decisions of this Court. *See* Tex. R. App. P. 66.3(c).

3. The Fifth Court of Appeals has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of the Court of Criminal Appeals' power of supervision. *See* Tex. R. App. P. 66.3(f).

1

# ARGUMENT

1. **Is a warrantless, mandatory blood draw conducted pursuant to Section 724.012(b)(3)(B)—the repeat offender provision—reasonable under the Fourth Amendment?**

The warrantless blood draw in this case pursuant to Section 724.012(b)(3)(B) of the Texas Transportation Code was reasonable under Fourth Amendment jurisprudence and should not have been suppressed. The Fifth Court of Appeals relied on this Court's ruling in *State v. Villarreal,* No. PD-0306-14, 2014 WL 6734178, at \*1 (Tex. Crim. App. Nov. 26, 2014), in holding that a mandatory blood draw violated the Fourth Amendment because the implied consent statute does not provide a valid waiver of Fourth Amendment rights. *Lloyd*, 2014 WL 7249747, at \*2-3. But this Court should reconsider its holding in *Villarreal* and hold that a Section 724.012 mandatory blood draw is constitutional.

Although this Court noted in *Villarreal* that the consent exception had not previously been applied in these precise circumstances, consent itself has long been a "well recognized exception" to the warrant requirement. *See, e.g., Schneckloth v. Bustamonte,* 412 U.S. 218, 222 (1973). And the Supreme Court has recognized that a person may consent via participation in a highly regulated activity without the ability to revoke that consent. *United States v. Biswell,* 406 U.S. 311, 316 (1972); *Zap v. United States,* 328 U.S. 624, 626-27 (1946). Driving on public roads is such a highly regulated activity, and the courts have long

2

recognized the government's ability to impose certain restrictions in return for the privilege of driving. And while *Villarreal* relied heavily on the fact that it was not shown that the defendant was personally aware of the implied consent requirement, a person is presumed to have knowledge of the law. *Cheek v. United States,* 498 U.S. 192, 199 (1991) (holding every person is presumed to know the law). Additionally, the Texas Driver's Handbook expressly informs both present and prospective drivers of the implied consent law. *See* Texas Driver's Handbook, p.60 (rev. July 2012). Because the consent implied under Section 724.012 provides a valid exception to the warrant requirement, Lloyd's motion to suppress was properly denied.

Review should be granted in this case because the same issue is pending before this Court in numerous other cases. The State's motion for rehearing in *Villarreal* remains pending. Additionally, this Court has already granted review on similar issues in *Holidy v. State,* No. PD-0622-14 (granted Aug. 20, 2014; argued and submitted Jan. 14, 2015); *Reeder v. State,* No. PD-0601-14 (granted Aug. 20, 2014; argued and submitted Jan. 15, 2015); and *Douds v. State,* No. PD-0857-14 (granted Sep. 17, 2014). Petitions for discretionary review are pending before this Court in other cases, including *Flores v. State,* No. PD-0071-15 (filed Feb. 17, 2015); *McNeil v. State,* No. PD-1171-14 (filed Sep. 2, 2014); and *Reeves v. State,*

3

No. PD-1048-14 (filed Aug. 20, 2014). Lloyd's conviction here should not be reversed while the law at issue remains under consideration by this Court.

**2. Did the court of appeals err in failing to address one of the State's arguments that would justify the warrantless blood draw?**

**3. Did the court of appeals err in finding there were not exigent circumstances sufficient to justify a warrantless blood draw?**

The court of appeals also erred in rejecting the State's argument that exigent circumstances justified the blood draw even without regard to Section 724.012. In its opinion, the court of appeals discussed the arguments raised in Section III of the State's brief, which argued that "sufficient aggravating factors" such as Lloyd's prior convictions and refusal to consent to field sobriety tests or a breath test justified the blood draw. *Lloyd*, 2014 WL 7249747, at *3-4. But that section was an extension of the State's argument that the Section 724.012 mandatory blood draw was constitutional. The State also, however, raised an independent exigent circumstances argument in Section IV of its brief. State's Brief at 23-28. The exigent circumstances raised included the length of time the officer was required to investigate a "major vehicle accident" before transporting Lloyd to the hospital, the difficulty in obtaining a warrant in the early morning hours, and the additional time involved in obtaining a warrant. The court of appeals never addressed the State's arguments on this matter and accordingly never determined whether the facts raised in this case amounted to exigent circumstances. An appellate court is

4

required to address "every issue raised and necessary to final disposition of the appeal." Tex. R. App. P. 47.1; *Keehn v. State,* 233 S.W.3d 348, 349 (Tex. Crim. App. 2007). Because the State raised an independent argument that would support the trial court's decision regardless of the applicability of Section 724.012, the appellate court was required to address that ground in its opinion. Because it did not, this case should be reversed and remanded to the Fifth Court of Appeals for consideration of that issue.

Furthermore, to the extent that the court of appeals addressed the exigent circumstances argument, it erred in finding that no exigent circumstances existed. Although not addressing the State's arguments on the issue, the court of appeals broadly held that "no exigent circumstances existed which would justify a warrantless search." *Lloyd*, 2014 WL 7249747, at * 3. A warrantless search may be conducted where "the exigencies of the situation make the needs of law enforcement so compelling that a warrantless search is objectively reasonable under the Fourth Amendment." *Missouri v. McNeely*, 133 S.Ct. 1552, 1558 (2013), *quoting Kentucky v. King*, 131 S.Ct. 1849, 1856 (2011). One such exigency is to prevent the imminent destruction of evidence. *McNeely*, 133 S.Ct. at 1559.

The natural dissipation of alcohol in the bloodstream is a relevant, though not dispositive, factor in determining exigent circumstances. In *Schmerber v. California,* the Supreme Court held that the dissipation of alcohol in a

circumstance where the officer had already been significantly delayed in investigating the scene of an accident and transporting the defendant to the hospital was a reasonable exigent circumstance. 384 U.S. 757, 770 (1966). In *McNeely*, the Supreme Court concluded that the natural dissipation of alcohol in the bloodstream was not an exigent circumstance *per se*. 133 S.Ct. at 1562, 1568. But the *McNeely* court nonetheless recognized that other factors, such as the inability to secure a magistrate to obtain a warrant following a late-night arrest and "time-consuming formalities" in obtaining a warrant, may still provide exigencies. *Id.* at 1562-63.

In the instant case, there were exigent circumstances that justified a warrantless blood draw. As in *Schmerber* and unlike *McNeely*, this case involved a major accident—Appellant crashed his vehicle into the corner of a house—that required significant investigation by the officer. *Lloyd*, 2014 WL 7249747, at *1. Indeed, the trial court expressly found that the case was not a "typical DWI" and spoke at length about its distinguishing features. 2 RR 222-27. This case involved a greater passage of time at the scene than in *McNeely*. Even acting without a warrant, Lloyd's blood was not drawn until more than two hours after the officer was dispatched. *Id.* Additionally, the accident occurred in the early morning hours when a judge would less likely be available. *See McNeely*, 133 S.Ct. at 1562. Furthermore, Appellant initially fled the scene following the accident, refused to participate in field sobriety tests, and refused to provide a blood sample. 2 RR 73,

77-78; 3 RR 33, 44, 48. The trial court expressly found that these were "extra circumstances that [were] thwarting the police investigation" and added to the exigency of the situation. 2 RR 225. These are precisely the "practical problems of obtaining a warrant within a timeframe that still preserves the opportunity to obtain reliable evidence" discussed in *McNeely*. *McNeely*, 133 S.Ct. at 1568. The court of appeals erred in finding there were not exigent circumstances sufficient to support a warrantless blood draw.

## PRAYER FOR RELIEF

The State prays that the Court grant the State's petition and set the case for submission, reverse the judgment of the Fifth Court of Appeals, and affirm the judgment of the trial court, or alternatively, remand the case for consideration of the State's exigent circumstances argument.

Respectfully submitted,

**GREG WILLIS**
Criminal District Attorney
Collin County, Texas

**JOHN R. ROLATER, JR.**
Assistant Criminal District Attorney
Chief of the Appellate Division

/s/ Andrea L. Westerfeld
**ANDREA L. WESTERFELD**
Assistant Criminal District Attorney
2100 Bloomdale Rd., Ste. 200
McKinney, Texas 75071
State Bar No. 24042143
(972) 548-4323
FAX (214) 491-4860
awesterfeld@co.collin.tx.us

**CERTIFICATE OF SERVICE**

A true copy of the State's Petition for Discretionary Review has been electronically served on counsel for Appellant, Stephanie Hudson, and a courtesy copy emailed to smhudson@gmail.com, and a true copy served on the Honorable Lisa McMinn, State Prosecuting Attorney, P.O. Box 13046, Capitol Station, Austin, Texas 78711-3046, Lisa.McMinn@spa.state.tx.us, on this, the 20th day of February, 2015.

/s/ Andrea L. Westerfeld
Andrea L. Westerfeld

**CERTIFICATE OF COMPLIANCE**

This brief complies with the word limitations in Texas Rule of Appellate Procedure 9.4(i)(2). In reliance on the word count of the computer program used to prepare this brief, the undersigned attorney certifies that this brief contains 1,814 words, exclusive of the sections of the brief exempted by Rule 9.4(i)(1).

/s/ Andrea L. Westerfeld
Andrea L. Westerfeld

# **APPENDIX**

Opinion of the Fifth Court of Appeals

2014 WL 7249747
Only the Westlaw citation is currently available.
OPINION
Court of Appeals of Texas,
Dallas.

Nicolas Stephen Lloyd, Appellant

v.

The State of Texas, Appellee

No. 05–13–01004–CR |
Opinion Filed December 22, 2014

**Synopsis**
**Background:** Defendant was convicted in the 401st Judicial District Court, Collin County, of driving while intoxicated (DWI) third offense. He appealed a denial of his motion to suppress the results of a warrantless, nonconsensual blood draw.

**Holdings:** The Court of Appeals, Francis, J., held that:

[1] any implied consent to a blood draw that defendant was deemed to have given under implied-consent law did not categorically extinguish defendant's Fourth Amendment right to withdraw consent to a warrantless search, and

[2] the blood draw was not justified by any recognized exception to the warrant requirement.

Reversed and remanded.

West Headnotes (4)

**[1]** **Automobiles**
⟜

Any implied consent to a blood draw that defendant was deemed to have given under implied-consent law did not categorically extinguish defendant's Fourth Amendment right to withdraw consent to a warrantless search. U.S. Const. Amend. 4; Tex. Transp. Code Ann. § 724.012.

Cases that cite this headnote

**[2]** **Automobiles**
⟜

Taking of blood of defendant who was arrested for driving while intoxicated (DWI) was not justified by any recognized exception to the warrant requirement, and thus the warrantless, nonconsensual blood draw violated defendant's Fourth Amendment rights, even though the state pointed to defendant's two prior convictions for DWI, his refusal to engage in sobriety tests, and his refusal to consent to a voluntary blood draw; the circumstances identified by the state were simply those that invoked the statute on mandatory blood draws. U.S. Const. Amend. 4; Tex. Transp. Code Ann. § 724.012.

Cases that cite this headnote

**[3]** **Searches and Seizures**
⟜

"Exigent circumstances" that provide an exception to the warrant requirement are those exigencies of the situation that make the needs of law enforcement so compelling that a warrantless search is objectively reasonable under the Fourth Amendment; these include the threat of imminent removal or destruction of evidence, threat to human life, rendering emergency assistance to injured occupants, or hot pursuit of a fleeing suspect. U.S. Const. Amend. 4.

Cases that cite this headnote

**[4]** **Automobiles**
⟜

In those drunk-driving investigations where police officers can reasonably obtain a warrant before a blood sample can be drawn without significantly undermining the efficacy of the search, the Fourth Amendment mandates that they do so. U.S. Const. Amend. 4.

Cases that cite this headnote

**On Appeal from the 401st Judicial District Court, Collin County, Texas, Trial Court Cause No. 401–81624–2012. Mark J. Rusch, Judge.**

Attorneys and Law Firms

Stephanie Hudson, Allen, TX, for Appellant.

Greg Willis, Calli Bailey, John R. Rolater, Zeke Fortenberry, Geetangali Y. Singletary, McKinney, TX, for Appellee.

Before Justices Francis, Lang, and Stoddart [1]

## OPINION

Opinion by Justice Francis

**\*1** Nicolas Stephen Lloyd appeals the trial court's order denying his motion to suppress the results of a warrantless, nonconsensual blood draw. At trial, appellant stipulated to having been convicted twice previously of driving while intoxicated, and the evidence of his blood alcohol concentration was admitted. A jury convicted him of driving while intoxicated third offense, found he used or exhibited a deadly weapon (a motor vehicle), and assessed punishment at eight years in prison and a $2000 fine. In a single issue, appellant claims the trial court erred by denying his motion to suppress because the warrantless, nonconsensual blood draw constituted an unconstitutional search and seizure and violated his Fourth Amendment rights. We agree with appellant. We reverse the trial court's judgment and remand this case for further proceedings.

Around 1:00 a.m. on April 27, 2012, Officer Jon Conduti of the Frisco Police Department responded to a call about a "major vehicle accident" at a residence. When he arrived, he saw appellant's red Mercedes sitting in the yard, where it had crashed into the corner of the house. Conduti spoke with appellant, who had "a strong odor of alcoholic beverage on his breath" and bloodshot eyes. Appellant said something about making a mistake but then declined to talk further. Appellant also refused to perform any standardized field sobriety tests without an attorney present. Conduti arrested appellant for driving while intoxicated and took him to the Frisco jail for a DWI interview. At the jail, appellant refused to give a blood sample. Conduti began completing paperwork for a search warrant for a blood draw; however, when he discovered

appellant had been convicted two previous times for driving while intoxicated, he stopped processing the search warrant and took appellant to the hospital for a mandatory blood draw under the authority of section 724.012 of the Texas Transportation Code. Appellant's blood was drawn around 3:00 a.m., and he was charged with felony DWI third offense.

Before trial, appellant filed a motion to suppress, alleging the warrantless, nonconsensual blood draw was a violation of his Fourth Amendment rights. The State conceded the officer had no warrant but argued (1) implied consent and (2) appellant had a reduced expectation of privacy because driving is a highly regulated activity and, under the totality of the circumstances, the search was reasonable. After the hearing, the trial court denied appellant's motion to suppress and admitted the evidence at trial. While this appeal was pending, the court of criminal appeals issued its opinion in *State v. Villarreal,* No. PD–0306–14, —— S.W.3d ——, 2014 WL 6734178 (Tex.Crim.App. Nov. 26, 2014), addressing involuntary blood draws taken under the authority of the Texas Transportation Code.

In a single issue, appellant claims the trial court erred by denying his motion to suppress. He claims that, because he did not consent to the blood draw and the State did not have a warrant to draw his blood, the search was reasonable only if the State could show exigent circumstances. Because the State did not do so, appellant claims the search violated his Fourth Amendment rights, the motion should have been granted, and the blood alcohol concentration evidence should have been suppressed.

**\*2** We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard. *State v. Kerwick,* 393 S.W.3d 270, 273 (Tex.Crim.App.2013). We grant almost total deference to the trial court's determinations of historical facts and mixed questions of law and fact that rely on credibility when supported by the record. *Id.* But when mixed questions of law and fact do not depend on the evaluation of credibility and demeanor, we review the trial court's ruling de novo. *Id.*

The Texas Court of Criminal Appeals recently addressed whether a warrantless, nonconsensual testing of a DWI suspect's blood violates the suspect's Fourth Amendment rights. *Villarreal,* —— S.W.3d ——, 2014 WL 6734178. In that case, a police officer stopped Villarreal for a traffic violation. *Id.* at ——, at \*1. When Villarreal displayed signs of intoxication, the officer asked him to perform *standardized*

field sobriety tests, but Villarreal refused. *Id.* The officer then arrested Villarreal on suspicion of DWI and gave him written statutory warnings requesting a blood specimen. Again, Villarreal refused. *Id.* After a criminal history check revealed Villarreal had been previously convicted of DWI several times, the officer took Villarreal to a hospital for a mandatory blood draw under section 724.012 of the transportation code. *Id.* at ——, at *2.

After he was indicted for felony DWI, Villarreal filed a motion to suppress stating there was no deemed consent to the taking of a blood specimen. *Id.* The trial court conducted an evidentiary hearing; the officer, the sole witness at the hearing, testified he "could have" obtained a warrant, but believed he "did not statutorily have to" in light of the mandatory-blood-draw provision in the code. *Id.* He said his decision to require the blood draw was based solely on the statutory authorization and not on any emergency at the scene or the existence of exigent circumstances. *Id.* The trial court granted Villarreal's motion to suppress, and the court of appeals affirmed. *Id.* at ——, at *1. The State filed a petition for discretionary review, alleging the trial court and the court of appeals erred by concluding the warrantless search of Villarreal's blood violated the Fourth Amendment and that the mandatory blood draw statute does not dispose of the warrant requirement. *Id.*

On petition for discretionary review, the court of criminal appeals noted that, as a general rule, to comply with the Fourth Amendment, a search of a person in a criminal investigation (1) requires a search warrant or a recognized exception to the warrant requirement and (2) must be reasonable under the totality of the circumstances. *Id.* at ——, at *8. The Fourth Amendment is implicated in DWI cases because the collection of a suspect's blood invades a substantial privacy interest, and the exigent circumstances exception to the search-warrant requirement is not established merely by the natural dissipation of alcohol. *Id.* The court of criminal appeals then concluded that, because Villarreal did not consent and the warrantless blood draw under section 724.012 did not fall under any of the proffered exceptions to the warrant requirement, the search violated his Fourth Amendment rights. *Id.*

In reaching this conclusion, the court rejected the State's argument that, with respect to a roadside DWI stop, a driver:

> impliedly agrees ahead of time that, in exchange for the privilege of driving on our roads, he is willing to waive

the right to a warrant in these limited circumstances. The deal is sealed when he gets behind the wheel, and it can't later be revoked when he gets caught driving in an impaired condition.

*3 *Id.* at ——, at *11. The court stated that to constitute a valid waiver of Fourth Amendment rights through consent, a suspect's consent to search must be freely and voluntarily given; an "additional necessary element of valid consent is the ability to limit or revoke it." *Id.* Implied consent that has been withdrawn or revoked is not a substitute for the voluntary consent required by the Fourth Amendment. *Id.* The record clearly showed Villarreal refused consent. The court concluded an "explicit refusal to submit to blood testing overrides the existence of any implied consent." *Id.*

The court of criminal appeals then considered whether any "other justification for the search applie[d]." Addressing known exceptions to the warrant requirement, including the automobile exception and search incident to arrest, the court concluded the blood draw did not fall under any recognized exception to the warrant requirement. *Id.* at —— – ——, at *12–16. The court also rejected the State's argument that the search could be upheld as reasonable under a general Fourth Amendment balancing test. *Id.* at —— – ——, at *16–19. In sum, the court concluded "the provisions in the Transportation Code do not, taken by themselves, form a constitutionally valid alternative to the Fourth Amendment warrant requirement." *Id.* at ——, at *20. The court of criminal appeals affirmed the trial court's granting of Villarreal's motion to suppress the blood alcohol concentration evidence. *Id.* at ——, at *21.

In our case, appellant refused to perform standardized field sobriety tests and refused to consent to a blood sample. Although Conduti began completing a search warrant affidavit for a blood draw, he abandoned the search warrant upon discovering appellant had been convicted two previous times for DWI. The officer estimated it usually took about one and one-half hours to complete a warrant and get it signed. During that time, they "would have lost some of the evidence of the alcohol in the Defendant's body." Conduti said the only reason he stopped processing the warrant was because he discovered appellant's prior convictions and, under the transportation code, he did not need a warrant. The reasons he thought he could bypass the warrant process were because (1) the transportation code allowed him to and (2) "the alcohol was dissipating."

**[1]** On appeal, the State argues appellant gave "implied consent" which was irrevocable "as a person twice previously convicted of driving while intoxicated" and sufficient aggravating factors were present to satisfy the exigent circumstances requirement. With respect to the first argument, the court of criminal appeals already considered and rejected this precise argument. *See Villarreal,* ––– S.W.3d at ––––, 2014 WL 6734178, at *11 ("To the extent the State suggests that the implied-consent and mandatory-blood-draw provisions in the Transportation Code categorically extinguish a DWI suspect's right to withdraw consent when some aggravating circumstance is present, that suggestion cannot be squared with the requirement that, to be valid for Fourth Amendment purposes, consent must be freely and voluntarily given based on the totality of the circumstances, and must not have been revoked or withdrawn at the time of the search."). We reject this portion of the State's argument.

**[2]** **[3]** **[4]** Next, the State argues "sufficient aggravating factors," specifically appellant's two prior convictions, his refusal to engage in sobriety tests, and his refusal to consent to a voluntary blood draw, satisfied the exigent circumstances requirement. These factors are not exigent circumstances that provide an exception to the warrant requirement; exigent circumstances are those "exigencies of the situation" that "make the needs of law enforcement so compelling that [a] warrantless search is objectively reasonable under the Fourth Amendment." *Mincey v. Arizona,* 437 U.S. 385, 394, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978). These include, for example, the threat of imminent removal or destruction of evidence,

threat to human life, rendering emergency assistance to injured occupants, or hot pursuit of a fleeing suspect. *See Kentucky v. King,* ––– U.S. ––––, 131 S.Ct. 1849, 1856, 179 L.Ed.2d 865 (2011). However, as a general rule, the "context of blood testing is different in critical respects from other destruction-of-evidence cases in which police are truly confronted with a 'now or never' situation." *Missouri v. McNeely,* ––– U.S. ––––, 133 S.Ct. 1552, 1561, 185 L.Ed.2d 696 (2013). Such cases should be considered on a case-by-case assessment of exigency, not a categorical rule. *Id.* In fact, in "those drunk-driving investigations where police officers can reasonably obtain a warrant before a blood sample can be drawn without significantly undermining the efficacy of the search, the Fourth Amendment mandates that they do so." *Id.* The factors the State relies on are simply those factors that invoke the mandatory blood draw statute. *See* TEX. TRANSP. CODE ANN. § 724.012 (West 2011). Because no exigent circumstances existed which would justify a warrantless search, we reject this argument as well.

*4 Appellant did not consent to the draw and the taking of his blood did not fall under another recognized exception to the warrant requirement. We therefore conclude the warrantless, nonconsensual blood draw violated appellant's Fourth Amendment rights. *See McNeely,* 133 S.Ct at 1561–63; *Villarreal,* ––– S.W.3d at ––––, 2014 WL 6734178, at *20. The trial court abused its discretion by denying appellant's motion. We reverse the trial court's judgment and remand this case for further proceedings consistent with this opinion.

Footnotes

1    The Honorable Justice Craig Stoddart succeeded the Honorable Jim Moseley, a member of the original panel. Justice Stoddart has reviewed the briefs and record before the Court.

---

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Print this page

# Case # PD-0097-15

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 02/20/2015 03:48:51 PM |
| Case Number | PD-0097-15 |
| Case Description | |
| Assigned to Judge | |
| Attorney | Andrea Westerfeld |
| Firm Name | Collin County District Attorney |
| Filed By | Crissy Hinojosa |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | Waiver |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | |
| Order # | |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Petition for Discretionary Review |
| Filing Description | STATE'S PETITION FOR DISCRETIONARY REVIEW |
| Reference Number | |
| Comments | Please note that the State request oral argument. Thank you-Crissy Hinojosa |
| Status | Rejected |

## Fees

Court Fee                                              $0.00
Service Fee                                            $0.00

**Rejection Information**

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| Other | 02/26/2015 11:14:16 AM | The petition for discretionary review does not contain the identity of Judge, Parties and Counsel [Rule 68.4(a)]. You have ten days to tender a corrected petition. |

**Documents**

| *Lead Document* | Lloyd, Nicholas Stephen PD-0097-15 (PDR).pdf | [Original] |
|---|---|---|

**eService Details**

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Stephanie Hudson smdhudson@gmail.com | | EServe | Sent | Yes | 02/20/2015 03:53:37 PM |
| Lisa McMinn Lisa.McMinn@spa.state.tx.us | | EServe | Sent | Yes | 02/20/2015 03:53:49 PM |